IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VANCE H. SMITH, M.D., and DEBORAH P.
SMITH, R.N., RVT,

      Plaintiffs,

  -vs-                                                    No. CIV 92-0641  LH/WWD

EASTERN NEW MEXICO MEDICAL CENTER,
ORSON TRELOAR, JOHN KIKER, EMMIT
JENNINGS, MIKE MCGUIRE, RICHARD
MOONEY, THOR STANGEBYE, KEVIN LOWE,
MATT FOSTER,  and DONALD WENNER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiff Deborah P. Smith, R.N., RVT's Request for Rule 54(b) Certification for Purposes of Appeal (Docket No. 440), filed August 4, 2000. The Court, having considered Plaintiff's Request, Defendants' Response, and the applicable law, and otherwise being fully advised, finds the Motion is not well taken and will be **denied**.

      Plaintiff moves for Rule 54(b) certification for immediate appeal on grounds that her claims, all of which have been disposed of by the Court, are based upon separate facts and a separate application of equal protection violations than those of Plaintiff Vance H. Smith, M.D.  Defendants do not concur in Plaintiff's Request.

      Federal Rule of Civil Procedure 54(b) provides in part that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an

express direction for the entry of judgment." Whether to grant such judgments, which are contrary to the historic federal policy against piecemeal appeals, lies within the sound discretion of the Court. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The moving party bears the burden of establishing that a partial judgment should be entered. *See Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993); *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992).

The Court finds that Plaintiff has not met her burden of establishing that an exception from the general policy favoring one appeal on all issues at the conclusion of the lawsuit should be made in her case. *See Reiter v. Cooper*, 507 U.S. 258, 265 (1993); *Curtiss-Wright*, 446 U.S. at 8. She has made no showing that awaiting a final judgment in this matter would be unduly harsh or unjust. *See In re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995); *PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

**IT IS HEREBY ORDERED** that Plaintiff Deborah P. Smith, R.N., RVT's Request for Rule 54(b) Certification for Purposes of Appeal (Docket No. 440), filed August 4, 2000, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**