**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VANCE H. SMITH, M.D., and DEBORAH P.
SMITH, R.N., RVT,

      Plaintiffs,

    -vs-                                                                   No. CIV 92-0641 LH/WWD

EASTERN NEW MEXICO MEDICAL CENTER,
ORSON TRELOAR, JOHN KIKER, EMMIT
JENNINGS, MIKE MCGUIRE, RICHARD
MOONEY, THOR STANGEBYE, KEVIN LOWE,
MATT FOSTER, and DONALD WENNER,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes on for consideration of Defendants' Motion for Summary Judgment on Plaintiff's Claim Against Defendants McGuire and Wenner and for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages (Docket No. 446), filed October 3, 2000, and Plaintiff's Motion to Amend His Response to Defendants' Motion for Summary Judgment on Plaintiff's Claim Against Defendants McGuire and Wenner and for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages (Docket No. 453), filed November 29, 2000.  The Court, having considered the Motions, the memoranda of the parties, and the applicable law and otherwise being fully advised, finds that the Motion for Summary Judgment will be **granted in part and denied in part** and the Motion to Amend will be **denied as moot**.

Defendants McGuire and Wenner move for qualified immunity on grounds that at the time of their challenged conduct, from 1984 through mid-1991, it was not clearly established law that their alleged actions directed against Plaintiff Vance H. Smith as an individual, rather than as a member of any class, could violate the Equal Protection Clause. The Court does not agree.

The doctrine of qualified immunity protects government officials from individual liability under 42 U.S.C. § 1983 for actions taken while performing discretionary functions, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When raised in a motion for summary judgment, this defense requires the plaintiff to meet a two-part test: "First, the plaintiff must show the defendant's conduct violated a constitutional or statutory right; second, the plaintiff must show the right the defendant's conduct violated was clearly established such that a reasonable person in the defendant's position would have known the conduct violated the right." *Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584, 593 (10th Cir. 1999)(quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)).

It is the second part of this test that is at issue in this case: whether the law involved was clearly established. In making this determination, the Court "examines the law as it was at the time of the [D]efendants' actions." *Medina v. City and County of Denver*, 960 f.2d 1493, 1497 (10th Cir. 1992 (quoting *Hilliard v. City and County of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991)). There must be "a substantial correspondence between the conduct in question and prior law allegedly establishing that the [D]efendants' actions were clearly prohibited." *Id.* (internal quotations omitted) (quoting *Hilliard*, 930 F.2d at 1518). This does not mean that the specific action at issue must have previously been held unlawful, but "the alleged unlawfulness must by apparent in light of preexisting

2

law.  The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (internal quotations omitted) (quoting *Hilliard*, 930 F.2d at 1518).  "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.* at 1498 (citing *Stewart v. Donges*, 915 F.2d 572, 582-83 & n.14 (10th Cir. 1990)).

In remanding this case for further proceedings, the Tenth Circuit Court of Appeals held that Dr. Smith stated an equal protection claim in seeking redress not as a member of an identified class, but as an individual. *Smith v. E. N. M. Med. Ctr.*, No. 94-2213 & 94-2241, 1995 WL 749712, at *5-8 (10th Cir. 1995)(emphasis added)(internal citation omitted).  While "[t]he more familiar equal protection claims assert some invalid classification within which the plaintiff falls, and an equal protection claim may sometimes fail where a plaintiff 'does not allege a classification sufficient to invoke the equal protection clause,' . . . the Equal Protection Clause protects . . . also where the plaintiff alleges 'an element of intentional or purposeful discrimination' so as to invoke the clause to protect an *individual victim*." *Id.* at *7 (emphasis added)(quoting *Buckley Constr. Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 859 (10th Cir. 1991)).  "Thus, in addition to shielding victims from discriminatory treatment of them as members of an identified class, the Equal Protection Clause affords protection to an individual injured by 'intentional or purposeful discrimination,' *Snowden* [*v. Hughes*], 321 U.S. [1,] 8 [1944], without identification of a class." *Id.* at *8 .

It is clear that the appellate court's ruling in this matter was firmly rooted in established Supreme Court precedent.  In *Snowden* the Supreme Court stated that there is no "denial of equal protection unless there is shown . . . an element of intentional or purposeful discrimination . . . taken

3

with respect to a particular class *or person*." 321 U.S. at 8 (emphasis added). In fact, the Supreme Court itself recently stated that "[o]ur cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," citing cases dating as far back as 1918. *Vill. of Willowbrook v. Olech*, 120 S.Ct. 1073, 1074-75 (2000) (citing, e.g., *Sioux City Bridge Co. v. Dakota*, 260 U.S. 441 (1923); *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 352 (1918)("The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.").

The appellate court also relied on its "Sister Circuits," finding that both Seventh and Fifth Circuit cases "have held that showing an element of *intentional or purposeful discrimination against one victim* may establish an equal protection violation although a target group or classification is not identified." 1995 WL 749712, at *7 (emphasis added)(citing, e.g., *Ciechon v. City of Chicago*, 686 F.2d 511, 522-24 & n.16 (7th Cir. 1982)(intentional act of invidious discrimination with no rational basis and motivated by bad faith established equal protection claim asserted by single victim, without identification of a class of victims); *Zeigler v. Jackson*, 638 F.2d 776, 779-80 (5th Cir. Unit B Mar. 1981)(distinctions between similarly situated individuals must be reasonable and not arbitrary in order to survive equal protection challenge)). Furthermore, the Seventh Circuit subsequently has denied qualified immunity in a case involving circumstances somewhat similar to those alleged in this matter:

> the relevant constitutional standards were well established at the time the . . . defendants acted. So-called "class of one" equal protection claims, cases "in which a governmental body treated individuals differently who were identically situated in

4

>all respects rationally related to the government's mission," have been allowed in this circuit since at least *Ciechon*.

*Levenstein v. Salafsky*, 164 F.3d 345, 353 (7th Cir.1998)(internal citation omitted).  Finally, the Court finds *Norton v. Village of Corrales* limited to its facts and, so, distinguishable.  103 F.3d 928, 933-34 (10th Cir. 1996)("no authoritative opinion in this circuit on this issue [denying approval of plats and city registration] . . . under the circumstances we hold that any such equal protection right is not well enough established to hold the individual defendants to knowledge of it")

In light of this precedent the Court must and will rule that it was clearly established law at the time of Defendants McGuire's and Wenner's alleged acts that intentional and purposeful discrimination directed against Plaintiff Vance H. Smith as an individual, rather than as a member of any class, violated the Equal Protection Clause.  Indeed, the Court finds the proposition necessarily propounded by Defendants, that a reasonable official would not understand that intentional and purposeful discrimination against an individual without rational basis violates equal protection under the law, to be outrageous, especially considering Plaintiff's allegations of bad faith and malicious motivation on their parts.

Plaintiff concurs in the Motion as to punitive damage claims against Defendant Eastern New Mexico Medical Center.  Therefore, the Court will grant partial summary judgment to Defendant on that issue.  Additionally, due to the Court's ruling regarding Defendants McGuire and Wenner's Motion, Plaintiff's Motion to Amend His Response to include additional material facts will be denied as moot.

5

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Claim Against Defendants McGuire and Wenner and for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages (Docket No. 446), filed October 3, 2000, is **GRANTED IN PART AND DENIED IN PART**:

1. The Motion is **granted** as to **any claims for punitive damages from Defendant Eastern New Mexico Medical Center**.

2. The Motion is **denied** as to **qualified immunity for Defendants McGuire and Wenner**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend His Response to Defendants' Motion for Summary Judgment on Plaintiff's Claim Against Defendants McGuire and Wenner and for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages (Docket No. 453), filed November 29, 2000, is **denied as moot** and the Clerk of Court is ordered to **strike** Plaintiff's Amended Response to Defendants' Motion for Summary Judgment on Plaintiff's Claim Against Defendants McGuire and Wenner and for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages (Docket No. 455), filed without permission of the Court on November 29, 2000.

_____
**UNITED STATES DISTRICT JUDGE**